IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SHERROD F. MOORE and MILLENNIUM 2, INC., | ) ) ) | CIV. NO. 05-00784 JMS-BMK |
| Plaintiffs, | ) ) | ORDER GRANTING DEFENDANT YOUNG BROTHERS, LIMITED'S |
| vs. | ) ) ) | MOTION FOR SUMMARY JUDGMENT |
| YOUNG BROTHERS, LIMITED, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANT YOUNG BROTHERS, LIMITED'S
MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Young Brothers, Limited's Motion for Summary Judgment ("Motion") against Plaintiffs Sherrod F. Moore and Millenium 2, Inc.[1] Defendants contend that Plaintiffs' claims are barred by a one-year statute of limitations contracted to by the parties. A hearing was held on August 17, 2006. After a careful consideration of the Motion, supporting and opposing memorandum, and arguments of counsel, the Court hereby GRANTS Defendant's Motion.

---

[1] Moore is the "principal owner" of Millenium 2, Inc. (Pls.' Concise Statement of the Facts ¶ 1.)

## FACTUAL BACKGROUND

The facts are undisputed.[2] On July 8, 2004, Plaintiff Moore contracted with Defendant to ship a container from Honolulu to Hilo. (Def.'s Concise Statement of Facts ¶ 3.) The container arrived in Hilo on July 13, 2004. (Def.'s Concise Statement of Facts ¶ 4.) On August 17, Defendant sent Moore a letter by certified mail notifying him that it might dispose of the goods if Moore failed to take delivery of the cargo within 5 working days. (Def.'s Concise Statement of Facts ¶ 5.) On September 13, 2004, Moore acknowledged receipt of this letter at Defendant's Honolulu office. (Def.'s Concise Statement of Facts ¶ 6). He also acknowledged that if he did not retrieve the cargo by October 1, Defendant would have the right to dispose of it. (Def.'s Concise Statement of Facts ¶ 6) Moore did not retrieve the cargo by October 1. (Def.'s Concise Statement of Facts ¶ 7). On December 16, Defendant sent Plaintiffs' container back to Honolulu. (Def.'s Concise Statement of Facts ¶ 11.) Defendant opened and inspected the container on December 21, and gave the contents to Goodwill. (Def.'s Concise Statement of Facts ¶ 12.)

---

[2]Plaintiffs accept as true paragraphs 1-8 and 11-13 of Defendant's Concise Statement of Facts. (Pls.' Concise Statement of Facts ¶ 1.)

Plaintiffs filed a Complaint in the First Circuit Court, State of Hawaii, on November 21, 2005.  Defendant removed the case to this Court on December 16, 2005.

## STANDARD OF REVIEW

Motions for summary judgment are only granted when the court determines that there is no genuine issue of material fact, and that the undisputed facts warrant judgment for the moving party as a matter of law.  Fed. R. Civ. P. 56(c).  In determining whether a genuine issue of material fact exists, courts must resolve all ambiguities and draw all factual inferences in favor of the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Cline v. Indus. Maint. Eng'g & Contracting Co., 200 F.3d 1223 (9th Cir. 2000).

The court's function in deciding a motion for summary judgment is not to try issues of fact, but to determine whether there are any issues to be tried.  Anderson, 477 U.S. at 249.  If there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact, summary judgment is improper.  See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987) (summary judgment must be denied if a rational trier of fact might resolve the issue in favor of the non-moving party).

DISCUSSION

This is a contract dispute. At issue is whether the one-year statute of limitation the parties contracted to began to run from the date Defendant Young Brothers delivered Plaintiffs' cargo, or from the date it disposed of the cargo. Because the statute of limitations began to run from the date of delivery as a matter of law, summary judgment is awarded in favor of the Defendant.

The contract here is governed by the terms printed on the Bill of Lading and by Local Freight Tariff No. 5-A on file with the State Public Utilities Commission. Local Freight Tariff No. 5-A provides, among other things, that Young Brothers will be discharged from liability for

> loss, damage, delay or any other claim concerning the cargo or its carriage unless suit is brought within one year after the delivery of the cargo or the date when the cargo should have been delivered.

(Def.'s Mem. Supp. Summ. J. Ex. B, ¶ 9.) This limiting term is also reprinted on the reverse side of the Bill of Lading. Although the term is imported from the Carriage of Goods by Sea Act (COGSA), 46 U.S.C. App. § 1300-15 (2000), this particular contract is not governed by COGSA.[3]

---

[3]COGSA only applies to domestic shipping contracts where a bill of lading contains "an express statement that it shall be subject to the provisions of this chapter." 46 U.S.C. App. § 1312. Such an "express statement" exists where the bill of lading includes a "Paramount Clause" incorporating COGSA into the contract in its entirety. See Pan Am. World Airways, Inc. v. California Stevedore and Ballast Co., 559 F.2d 1173, 1175-76 (9th Cir. 1977).

The plain language of the contract indicates that the limitation period begins to run at delivery, not at disposal. In shipping contracts, delivery occurs "when the recipient of the cargo receives notice of the discharge and has had an opportunity to inspect it for defects." Bigge Equip. Co. v. Maxspeed Int'l Transp. Co., 229 F.Supp.2d 968, 976 (N.D. Cal. 2001); see also Capital Partners Int'l Ventures, Inc., 309 F.Supp.2d at 1146 (N.D. Cal. 2004) (stating that "[g]oods are constructively delivered once they are placed upon a fit wharf and the consignee receives both due and reasonable notice that the goods have been discharged and a reasonable opportunity to remove them).

Here, Plaintiffs had notice of delivery by September 13, 2004 when Moore acknowledged receipt of Defendant's letter in Defendant's office in Honolulu. Moreover, Moore had a reasonable opportunity to inspect and retrieve his goods between September 13 and the October 1 deadline imposed by Defendant. By October 1, 2004, Moore's cargo had been constructively delivered. When Plaintiffs filed their Complaint on November 21, 2005, the one-year statute of limitations had already run.

---

Here, the Bill of Lading does not include a "Paramount Clause" applying COGSA as a whole to the contract. Rather, it incorporates only specific sections and subsections of COGSA. These fragments are insufficient to invoke the legislative authority of COGSA.

5

Plaintiffs raise a host of other arguments to prevent the one-year statute of limitations from being enforced.  First, Plaintiffs contend that they are not bound by the one-year statute of limitations because Moore did not read the reverse side of the Bill of Lading where the term was printed. (Pls.' Mem. Opp'n Summ. J. 3.)  However, failure to read a contract does not prevent its effect where a party knows it is entering a contract.  Kummetz v. Tech Mold, Inc., 152 F.3d 1153, 1156 (9th Cir. 1998).

Second, Plaintiffs argue that the contractual statute of limitations term is unconscionable.  Contracts are only unconscionable if they "include[] unfair terms that are unreasonably harsh or that favor one of the parties more than should be reasonably expected."  Branco v. Norwest Bank Minnesota, 381 F.Supp.2d 1274, 1281 (D. Hawaii 2005).  Here, while the term does favor Defendants, a one-year limitation in a shipping contract is not unreasonable, Capital Partners Int'l Ventures, Inc., 309 F.Supp.2d at 1145.  Courts regularly uphold maritime contracts that include one-year statute of limitations provisions.  See, e.g., Sea-Land Serv., Inc. v. Lozen Int'l, LLC, 285 F.3d 808, 817 (9th Cir. 2002).

Third, Plaintiffs argue that the one-year limitation violates Hawaii law governing bills of lading.  However, Hawai'i  Revised Statute 490:7-309(c) provides that "[r]easonable provisions as to the time and manner of presenting

claims and commencing actions based on the shipment may be included in a bill of lading or a transportation agreement." H.R.S. § 490:7-309 (2004).

Fourth, Plaintiffs contend that the application of the one-year statute of limitations would violate the equal protection and due process guarantees of both the United States Constitution and the Hawai'i Constitution. However, state action is a requisite for equal protection and due process claims under both the Hawai'i Constitution, Fujioka v. Kam, 55 Haw. 7, 10 (1973); State v. Guidry, 105 Haw. 222, 228 (2004), and the United States Constitution, United States. v. Morrison, 529 U.S. 598, 621 (2000). Here there is no state or government action; it is a contractual provision that bars Plaintiffs' suit.

Finally, Plaintiffs suggest that this Court may not have jurisdiction over this matter. Generally a defendant may remove to federal court "any civil action . . . of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2000). The district courts of the United States have original jurisdiction over all admiralty and maritime cases. 28 U.S.C. § 1333 (2000). Subject matter jurisdiction exists and the one-year contractual statute of limitations provision will be enforced against Plaintiffs.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's Motion for Summary Judgment.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: August 21, 2006

Moore v. Young Brothers; CV 05-00784 BMK; ORDER GRANTING DEFENDANT YOUNG BROTHERS, LIMITED'S MOTION FOR SUMMARY JUDGMENT.

8